IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ethel Loise Patterson, | ) | C/A No. 3:15-2457-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Sumter County Administration; Darlington County Administrator, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Ethel Loise Patterson, a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of her civil rights. Plaintiff alleges that she was "falsely arrested & detained for 15 days." (ECF No. 1 at 3.) Plaintiff seeks monetary damages for emotional abuse. (Id. at 4.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's

allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff provides no factual support for her allegations of false arrest and false imprisonment.[1] While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" and that a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (citation omitted); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In this case, Plaintiff's conclusory allegation of a false arrest and fifteen-day period of incarceration is insufficient to state a plausible claim under § 1983. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible").

Moreover, the defendants in this case are governmental entities of Sumter and Darlington Counties, and the United States Supreme Court has held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir.

---

[1] The court notes that Plaintiff has another civil action pending in this court, which alleges false arrest against the defendants named in the instant Complaint. See Patterson v. Sumter Cnty. Admin., C/A No. 3:15-1343-MBS-PJG (D.S.C. Mar. 24, 2015); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) (noting that a court may take judicial notice of its own records). Because Plaintiff provided no dates in the instant Complaint, the court could not determine whether the allegations in this case duplicate those raised in the pending civil action. Therefore, the instant Complaint has been docketed as a separate civil action.



1984) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. However, the instant Complaint fails to show that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of the municipal defendants.

Further, to the extent the Complaint attributes the alleged wrongful actions of unidentified officials or employees to these defendants, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94). A municipality may not be held liable under § 1983 solely because it employs the tortfeasor. Bd. of Cnty. Comm'rs, 520 U.S. at 403. As Plaintiff has alleged no actionable conduct by the Sumter County Administration or Darlington County Administrator, these defendants are entitled to summary dismissal from this case.

**III.   Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

July 13, 2015                                                                           Paige J. Gossett
Columbia, South Carolina                                               UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).